UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY and<br>3M INNOVATIVE PROPERTIES<br>COMPANY,<br><br>       Plaintiff,<br><br>   vs.<br><br>MOLDEX-METRIC, INC.,<br><br>       Defendant. | Civil No.  0:12-cv-00611-JNE-AJB<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT MOLDEX-METRIC, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Moldex-Metric, Inc. ("Moldex") answers the Complaint of 3M Company ("3M Co.") and 3M Innovative Properties Company ("3M Innovative Properties") (collectively, "3M") as follows:

## MOLDEX'S INTRODUCTORY STATEMENT

This lawsuit is a transparent attempt by 3M to misuse the U.S. patent laws to disrupt sales by Moldex of important safety equipment to the United States Army.

Moldex, a leading U.S. manufacturer of worker protection and safety equipment, recently introduced a new and innovative ear protector, an earplug trade-named BattlePlug, for use by soldiers and others exposed to high intensity sounds. Recognizing the value of such a device, the United States Army has approved BattlePlug for use by the military, and it has begun purchasing these products for its soldiers. As a result, 3M's

previous dominance of the market for hearing protectors for the military has been challenged.

In this lawsuit, 3M asserts that BattlePlugs infringe unspecified claims of United States Patent No. 6,070,693 (the "'693 Patent"), supposedly assigned to and owned by 3M. As will be shown, no reasonable person skilled in the art could read the '693 patent claims as applying to the Battleplug and, if it were so read, the patent would, in light of decades of existing prior art, be invalid. In sum, an objective examination of the record will demonstrate that 3M's assertion of infringement against Moldex's BattlePlugs is baseless.

3M has also included in this lawsuit a claim that Moldex's Earmuff ear protectors infringe United States Patent No. 7,036,157 (the "'157 Patent"), supposedly assigned to and owned by 3M. However, Moldex began selling its accused Earmuffs in 2002, four years before the '157 was issued. And Moldex has been selling these products since the 2006 issuance of that patent without any objection from 3M. Only now, six years after the '157 issued, and ten years after Moldex began selling its accused products, has 3M asserted these unfounded claims against Moldex' Earmuff products. These facts suggest that 3M included the '157 patent in this case simply to distract from its baseless accusations against BattlePlugs.

Because Moldex is currently under a contract to provide certain of the accused products in large quantities to the United States military for use by thousands of military personnel, Moldex intends to seek swift adjudication of this matter by way of early dispositive motion practice and will pursue whatever other remedies are proper against

2

3M. As discovery has not yet begun in this action, Moldex reserves the right to amend its Answer and Counterclaims as it develops the factual record in this case.

## PARTIES

1.     Moldex lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore denies them.

2.     Moldex lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore denies them.

3.     Moldex admits that it is a California corporation with offices at 10111 W. Jefferson Blvd., Culver City, California 90232.  Moldex denies the remaining allegations in this paragraph of the Complaint.

## JURISDICTION AND VENUE

4.     Moldex admits only that 3M's Complaint alleges patent infringement, which Moldex denies, and answering further, denies that subject matter jurisdiction exists in this court for some or all of the activities complained of by 3M.  Moldex therefore denies the allegations in this paragraph of the Complaint.

5.     Moldex admits only that it does business throughout the United States, including in the State of Minnesota.  Moldex denies the remaining allegations in this paragraph of the Complaint.

6.     Moldex denies  that venue is proper in this district for some or all claims of patent infringement alleged by 3M.  Moldex therefore denies the general allegations concerning venue in this paragraph of the Complaint and puts 3M to strict proof thereof.

### 3M'S PATENT-IN-SUIT

7.     Moldex admits only that the United States Patent Office issued the '157 patent on June 6, 2000, entitled "Method of Producing a Hood, and a Hood Produced According to the Method," and that a true and correct copy of the '157 patent is attached to the Complaint as Exhibit A.  Moldex denies the remaining allegations in this paragraph of the Complaint.

8.     Moldex admits only that the United States Patent Office issued the '693 patent on June 6, 2000, entitled "Hearing Protector Against Loud Noise," and that a true and correct copy of the '693 patent is attached to the Complaint as Exhibit B.  Moldex denies the remaining allegations in this paragraph of the Complaint.

9.     Moldex lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore denies them.

10.     Moldex lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore denies them.

11.     Moldex admits only that 3M sells a product called "Combat Arms." Moldex lacks knowledge or information sufficient to form a belief as to the truth or

4

falsity of the remaining allegations contained in this paragraph of the Complaint, and therefore denies them.

12.     Moldex lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore denies them.

## DEFENDANT'S INFRINGING ACTIVITIES

13.     Moldex admits only that a copy of marketing materials for what 3M refers to as the "M Series" earmuffs is attached to the Complaint as Exhibit C. Moldex denies the remaining allegations in this paragraph of the Complaint, including specifically the averment that Moldex's "M Series" products infringe any claim (though none is specifically identified by 3M) of the '157 patent.

14.     Moldex admits that it makes a product known as the "BattlePlug" earplug and that a copy of marketing materials showing the BattlePlug earplug is attached as Exhibit D to 3M's Complaint. Moldex denies the remaining allegations in this paragraph of the Complaint, including specifically the averment that Moldex's Battleplug earplugs infringe any claim (though none is specifically identified by 3M) of the '693 patent.

15.     Moldex admits that it maintains a website at www.moldex.com that provides contact information and information regarding Moldex products. Moldex denies the remaining allegations of this paragraph of the Complaint.

## THE HARM TO 3M

16.     Moldex denies the allegations in this paragraph of the Complaint. 3M has not suffered any harm due to the facts alleged in its Complaint.

17.     Moldex denies the cursory allegations in this paragraph of the Complaint.

18.     Moldex denies the cursory allegations suggesting that Moldex's conduct makes this an exceptional case, as alleged by 3M in this paragraph of the Complaint. Answering further, if this case is an exceptional case it is because of the conduct of 3M , not Moldex.

## COUNT I: INFRINGEMENT OF THE '157 PATENT

19.     Moldex incorporates by reference its responses set forth in Paragraphs 1-18 of the Answer as if fully set forth herein.

20.     Moldex admits that it sells and has offered to sell the products identified in Exhibit C to the Complaint which 3M refers to as the "M Series" earmuffs.  Moldex denies the remaining allegations in this paragraph of the Complaint.

21.     Moldex denies the allegations in this paragraph of the Complaint.

22.     Moldex admits that it sells and has offered to sell the products identified in Exhibit C to the Complaint which 3M refers to as the "M Series" earmuffs.  Moldex denies the remaining allegations in this paragraph of the Complaint.

23.     Moldex denies the allegations in this paragraph of the Complaint.

24.     Moldex denies the allegations in this paragraph of the Complaint.

25.     Moldex lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore denies them and puts 3M to strict proof thereof.

## COUNT II: INFRINGEMENT OF THE '693 PATENT

26.     Moldex incorporates by reference its responses set forth in Paragraphs 1-25 of the Answer as if fully set forth herein.

27.     Moldex admits that it sells and has offered to sell product known as the "BattlePlug" earplug and that a copy of marketing materials showing the BattlePlug earplug is attached as Exhibit D to 3M's Complaint. Moldex denies the remaining allegations in this paragraph of the Complaint.

28.     Moldex admits that it sells and has offered to sell a product known as the "BattlePlug" earplug and that a copy of marketing materials showing the BattlePlug earplug is attached as Exhibit D to 3M's Complaint. Moldex denies the remaining allegations in this paragraph of the Complaint.

29.     Moldex denies the allegations in this paragraph of the Complaint.

30.     Moldex denies the allegations in this paragraph of the Complaint.

31.     Moldex denies the allegations in this paragraph of the Complaint.

## 3M'S PRAYER FOR RELIEF

32.     Moldex denies that 3M is entitled to any of the relief sought in Paragraph 1 of 3M's Prayer for Relief.

33.     Moldex denies that 3M is entitled to any of the relief sought in Paragraph 2 of 3M's Prayer for Relief. *Inter alia*, 3M's claims for equitable relief are barred in whole, or in part, by the doctrine of unclean hands. 3M's lawsuit has been brought in bad faith, precluding 3M from seeking to invoke the Court's equitable jurisdiction.

34.     Moldex denies that 3M is entitled to any of the relief sought in Paragraph 3 of 3M's Prayer for Relief.

35.     Moldex denies that 3M is entitled to any of the relief sought in Paragraph 4 of 3M's Prayer for Relief.

36.     Moldex denies that 3M is entitled to any of the relief sought in Paragraph 5 of 3M's Prayer for Relief.

## AFFIRMATIVE DEFENSES

37.     In asserting the following affirmative defenses to the Complaint, Moldex does not concede that it bears the burden of establishing any fact or proposition on any issue.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

38.     No product Moldex makes, markets, distributes, uses, sells, offers to sell, or for which Moldex offers to provide support services, infringes any patent-in-suit.

39.     Moldex has neither contributed to nor induced another party's alleged infringement of any patent-in-suit.

40.     Moldex has not infringed any patent-in-suit.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

41.     The claims of the patents-in-suit are invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 200 et seq., and 301 et seq.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

42.     Plaintiff is barred from recovery for the alleged infringement of one or more of the patents-in-suit by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel and Disclaimer)

43.     Plaintiff is barred from recovery for the alleged infringement of one or more of the patents-in-suit by the doctrines of prosecution history estoppel and/or prosecution disclaimer.

## FIFTH AFFIRMATIVE DEFENSE
### (Governmental Immunity Under 28 U.S.C. § 1498)

44.     On information and belief, some or all of the activities of Moldex that are the subject of 3M's Complaint with respect to the '693 patent are and have been carried out by Moldex as a contractor for the United States Government.  Furthermore, all such activities have been and are being carried out for the United States Government and with the Government's authorization or consent.  Therefore, under 28 U.S.C. § 1498, 3M's sole remedy for the infringement alleged in the Complaint is a suit against the United States in the United Court of Federal Claims for recovery of 3M's reasonable and entire compensation for the alleged use of the '693 patent.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

45.     3M's claims for equitable relief are barred in whole, or in part, by the doctrine of unclean hands.  3M's lawsuit has been brought in bad faith, precluding 3M from seeking to invoke the Court's equitable jurisdiction.

## MOLDEX'S COUNTERCLAIMS

46.    As counterclaims against 3M, Moldex alleges as follows:

### JURISDICTION AND VENUE

47.    These counterclaims are for declaratory judgments pursuant to 28 U.S.C.

§§ 2201 and 2202. The Court has jurisdiction over these counterclaims as a controversy

exists by virtue of 3M's claims recited in its Complaint and Moldex's above-stated denial

of such averments.

48.    Moldex's counterclaims arise under the United States Patent Laws, 35

U.S.C. §§ 101, 102, 103, 112, 200 et seq., and 300 et seq. To the extent that this court has

jurisdiction over the subject matter of 3M's allegations of patent infringement, then this

court also has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331,

1338(a), and 1400(b).

49.    This Court has personal jurisdiction over 3M on the bases that 3M purports

to reside and do business in the State of Minnesota, including in this judicial district, and

that 3M has submitted itself to the Court's jurisdiction by filing its Complaint in this

Court. The exercise of jurisdiction for Moldex's counterclaims over 3M would be

reasonable.

50.    3M has admitted that venue is proper in this Judicial District.

### THE PARTIES

51.    Moldex is a California corporation with offices at 10111 W. Jefferson

Blvd., Culver City, California 90232.

52.     On information and belief, Plaintiff 3M Co. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 3M Center, St. Paul, Minnesota.

53.     On information and belief, Plaintiff 3M Innovative Properties is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 3M Center, St. Paul, Minnesota.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '157 Patent)

54.     Moldex incorporates by reference the responses and allegations set forth in paragraphs 1-55 of this Answer and Counterclaims.

55.     The '157 Patent is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, 200 et seq., and 301 et seq.

56.     Moldex seeks a judgment declaring that the claims of the '157 patent are invalid.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '693 Patent)

57.     Moldex incorporates by reference the responses and allegations set forth in paragraphs 1-58 of this Answer and Counterclaims.

58.     The '693 Patent is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, 200 et seq., and 301 et seq.

59.     Moldex seeks a judgment declaring that the claims of the '693 Patent are invalid.

### THIRD COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement of the '157 Patent)**

60.     Moldex incorporates by reference the responses and allegations set forth in paragraphs 1-61 of this Answer and Counterclaims.

61.     No product Moldex makes, markets, distributes, uses, sells, offers to sell, or for which Moldex offers to provide support services, infringes the '157 Patent.

62.     Moldex has neither contributed to nor induced another's infringement of the '157 Patent.

63.     Moldex seeks a judgment declaring that the claims of the '157 Patent are not infringed and have not been infringed by Moldex.

### FOURTH COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement of the '693 Patent)**

64.     Moldex incorporates by reference the responses and allegations set forth in paragraphs 1-65 of this Answer and Counterclaims.

65.     No product Moldex makes, markets, distributes, uses, sells, offers to sell, or for which Moldex offers to provide support services, infringes the '693 Patent.

66.     Moldex has neither contributed to nor induced another's infringement of the '157 Patent.

67.     Moldex seeks a judgment declaring that the claims of the '693 Patent are not infringed and have not been infringed by Moldex.

## JURY DEMAND

68.    Pursuant to Fed. R. Civ. P. 38, Moldex demands a jury trial on all issues that may be so tried.

## PRAYER FOR RELIEF

WHEREFORE, Moldex prays for judgment and relief as follows:

A.  Declaring that the '157 Patent is invalid;

B.  Declaring that the '693 Patent is invalid;

C.  Entering judgment that 3M is not entitled to damages for, or any form of injunctive relief against, any alleged infringement of the '157 Patent by Moldex;

D.  Entering judgment that 3M is not entitled to damages for, or any form of injunctive relief against, any alleged infringement of the '693 Patent by Moldex;

E.  Entering judgment that, based on the conduct of 3M, this is an exceptional case under 35 U.S.C. § 285 and awarding Moldex its costs and attorneys' fees; and

F.  Awarding Moldex such further and additional relief as the Court deems just and proper.

DATED:  April 27, 2012

Respectfully submitted,

s/ Kevin D. Conneely
Kevin D. Conneely (192703)
Katherine A. Moerke (312277)

LEONARD, STREET AND DEINARD
 Professional Association
150 South Fifth Street
Suite 2300
Minneapolis, MN  55402
(612) 335-1500
(612) 335-1657 (fax)
kevin.conneely@leonard.com
katie.moerke@leonard.com

AND

Harold A. Barza (Pro Hac Vice Pending)
Justin Brownstone (Pro Hac Vice Pending)

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street
10th Floor
Los Angeles, CA  90017
(213) 443-3000
(213) 443-3211 (fax)
halbarza@quinnemanuel.com
justinbrownstone@quinnemanuel.com

14